IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:07-CV-202-BO

| | |
|---|---|
| RONALD A. KATZ TECHNOLOGY LICENSING, L.P., <br><br> Plaintiff, <br><br> v. <br><br> PROGRESS ENERGY, INC.; CAROLINA POWER & LIGHT COMPANY D/B/A PROGRESS ENERGY CAROLINAS, INC.; PROGRESS ENERGY SERVICE COMPANY, LLC; FLORIDA POWER CORPORATION D/B/A PROGRESS ENERGY FLORIDA, INC.; RBC CENTURA BANKS, INC.; RBC CENTURA BANK; <br><br> Defendants. | AMENDED COMPLAINT FOR PATENT INFRINGEMENT <br><br> JURY TRIAL DEMANDED |

Plaintiff Ronald A. Katz Technology Licensing, L.P. ("Katz Technology Licensing") states as follows for its complaint against Progress Energy, Inc., Carolina Power & Light d/b/a Progress Energy Carolinas, Inc., Progress Energy Service Company, LLC, Florida Power Corporation d/b/a Progress Energy Florida, Inc., RBC Centura Banks, Inc., and RBC Centura Bank:

THE PARTIES

1. Plaintiff Katz Technology Licensing is a California limited partnership with its principal place of business at 9220 Sunset Boulevard, Suite 315, Los Angeles, California 90069.

2.      On information and belief, Defendant Progress Energy, Inc., is a North Carolina corporation with its principal place of business at 410 South Wilmington Street, Raleigh, North Carolina 27601.

3.      On information and belief, Defendant Carolina Power & Light d/b/a Progress Energy Carolinas, Inc., is (a) a North Carolina corporation with its principal place of business at 410 South Wilmington Street, Raleigh, North Carolina 27601, and (b) a subsidiary of Progress Energy, Inc.

4.      On information and belief, Defendant Florida Power Corporation d/b/a Progress Energy Florida, Inc., (a) has its principal place of business at 410 South Wilmington Street, Raleigh, North Carolina 27601, and (b) is a subsidiary of Progress Energy, Inc.

5.      On information and belief, Defendant Progress Energy Service Company, LLC, is (a) a North Carolina corporation with its principal place of business at 411 Fayetteville Street Mall, Raleigh, North Carolina 27601, and (b) a subsidiary of Progress Energy, Inc.

6.      On information and belief, Defendant RBC Centura Banks, Inc., is a North Carolina corporation with its principal place of business at 131 North Church Street, Rocky Mount, North Carolina 27804.

7.      On information and belief, Defendant RBC Centura Bank is a North Carolina-chartered bank with its principal place of business at 3201 Beechleaf Court, Raleigh, North Carolina 27604.

JURISDICTION AND VENUE

8.      This is an action arising under the patent laws of the United States, 35 U.S.C. sections 101 et seq.  This Court has subject matter jurisdiction over this action under 28 U.S.C. sections 1331 and 1338(a).

9.      Defendants Progress Energy, Inc., Carolina Power & Light d/b/a Progress Energy Carolinas, Inc., Progress Energy Service Company, LLC, and

Florida Power Corporation d/b/a Progress Energy Florida, Inc. (collectively "Progress Energy Defendants") are subject to this Court's personal jurisdiction because, on information and belief, (1) they are North Carolina corporations; (2) they do substantial business in this district; (3) they operate infringing automated call processing systems that are available to their customers, including customers in this district; and (4) they regularly solicit business from, do business with, and derive revenue from goods and services provided to, customers in this district.

10. Defendants RBC Centura Banks, Inc., and RBC Centura Bank (collectively "RBC Centura Defendants") are subject to this Court's personal jurisdiction because, on information and belief, (1) RBC Centura Banks, Inc., is a North Carolina corporation and RBC Centura Bank is a North Carolina chartered bank; (2) they do substantial business in this district; (3) they operate infringing automated call processing systems that are available to their customers, including customers in this district; and (4) they regularly solicit business from, do business with, and derive revenue from goods and services provided to, customers in this district.

11. Venue is proper in this judicial district under 28 U.S.C. sections 1391(c) and 1400(b) because the Progress Energy and RBC Centura Defendants reside in this district and engage in significant business activities in this district, as set forth in Paragraphs 8 and 9 above.

BACKGROUND

12. Ronald A. Katz ("Mr. Katz"), founder of Katz Technology Licensing, is the sole inventor of each of the patents-in-suit. Mr. Katz has been widely recognized as one of the most prolific and successful inventors of our time, and his inventions over the last forty-plus years have been utilized by literally millions of people.

13. In 1961, Mr. Katz co-founded Telecredit Inc. ("Telecredit"), the first company to provide online, real-time credit authorization, allowing merchants to

verify checks over the telephone. Further innovations from Telecredit include the first online, real-time, point-of-sale credit verification terminal, which enabled merchants to verify checks without requiring the assistance of a live operator, and the first device that used and updated magnetically encoded cards in automated teller machines. Multiple patents issued from these innovations, including patents co-invented by Mr. Katz.

14. Telecredit was eventually acquired by Equifax, and has now been spun off as Certegy, a public company traded on the New York Stock Exchange. Certegy continues to provide services in the credit and check verification field established by Mr. Katz and Telecredit.

15. Mr. Katz's inventions have not been limited to telephonic check verification. Indeed, Mr. Katz is responsible for advancements in many fields of technology. Among his most prominent and well-known innovations are those in the field of interactive call processing. Mr. Katz's inventions in that field are directed to the integration of telephonic systems with computer databases and live operator call centers to provide interactive call processing services.

16. The first of Mr. Katz's interactive call processing patents issued on December 20, 1988. More than fifty U.S. patents have issued to Mr. Katz for his inventions in the interactive call-processing field, including each of the patents-in-suit.

17. In 1988, Mr. Katz partnered with American Express to establish FDR Interactive Technologies, later renamed Call Interactive, to provide interactive call processing services based on Mr. Katz's inventions. The American Express business unit involved in this joint venture later became known as First Data.

18. Early clients of Call Interactive included The New York Times, ABC's Monday Night Football, KABC Radio, CBS News, and Beatrice Foods (Hunt-Wesson division).

19. Many of these clients utilized Call Interactive technology for high-profile events. For example, CBS News hired Call Interactive to operate an interactive, real-time telephone poll to gauge viewer reaction to President George H.W. Bush's 1992 State of the Union address.

20. Mr. Katz sold his interest in Call Interactive to American Express in 1989, but he continued to provide advisory services to Call Interactive until 1992. American Express later spun off the First Data business unit into a separate corporation and with that new entity went Mr. Katz's interactive call processing patents and the Call Interactive call processing business. The former Call Interactive, now known as First Data Voice Services, continues to provide call processing solutions today.

21. In 1994, Mr. Katz formed Katz Technology Licensing, which acquired the rights to the entire interactive call processing patent portfolio, including the rights to each of the patents-in-suit, from First Data, the owner of all of the Katz interactive call processing patents at that time.

22. The marketplace has clearly recognized the value of Mr. Katz's inventions. Indeed, over one hundred fifty companies have licensed the patents-in-suit. Licensees include IBM, Hewlett-Packard, Pacific Gas & Electric Company, Bank of America, JPMorgan Chase, Wells Fargo, HSBC, Verizon, Sprint, Microsoft, Delta Airlines, Merck, Sears, Citibank, and the Home Shopping Network. These licensees and others acknowledge the applicability of the patents-in-suit to multiple fields of use, including but not limited to financial services call processing, automated securities transactions, automated credit card authorization services, automated wireless telecommunication services and support, automated health care services, and product and service support.

23. The Progress Energy and RBC Centura Defendants employ the inventions of certain of the patents-in-suit. Katz Technology Licensing, through its

licensing arm A2D, L.P., has repeatedly attempted to engage these defendants in licensing negotiations, but to date, none of the defendants has agreed to take a license to any of the patents-in-suit.

## THE ASSERTED PATENTS

24. On December 20, 1988, the United States Patent and Trademark Office duly and legally issued United States Patent No. 4,792,968 (the "'968 Patent") to Ronald A. Katz for an invention entitled "Statistical Analysis System for Use With Public Communication Facility." The '968 Patent expired on December 20, 2005.

25. On May 29, 1990, the United States Patent and Trademark Office duly and legally issued United States Patent No. 4,930,150 (the "'150 Patent") to Ronald A. Katz for an invention entitled "Telephonic Interface Control System." The '150 Patent expired on December 20, 2005.

26. On July 7, 1992, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,128,984 (the "'984 Patent") to Ronald A. Katz for an invention entitled "Telephone Interface Call Processing System With Call Selectivity."

27. On October 5, 1993, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,251,252 (the "'252 Patent") to Ronald A. Katz for an invention entitled "Telephone Interface Call Processing System With Call Selectivity."

28. On October 19, 1993, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,255,309 (the "'309 Patent") to Ronald A. Katz for an invention entitled "Telephonic-Interface Statistical Analysis System." The '309 Patent expired on December 20, 2005.

29. On September 27, 1994, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,351,285 (the "'285 Patent") to

Ronald A. Katz for an invention entitled "Multiple Format Telephonic Interface Control System." The '285 Patent expired on December 20, 2005.

30. On October 1, 1996, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,561,707 (the "'707 Patent") to Ronald A. Katz for an invention entitled "Telephonic-Interface Statistical Analysis System." The '707 Patent expired on December 20, 2005.

31. On November 4, 1997, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,684,863 (the "'863 Patent") to Ronald A. Katz for an invention entitled "Telephonic-Interface Statistical Analysis System." The '863 Patent expired on December 20, 2005.

32. On July 28, 1998, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,787,156 (the "'156 Patent") to Ronald A. Katz for an invention entitled "Telephonic-Interface Lottery System." The '156 Patent expired on December 20, 2005.

33. On September 29, 1998, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,815,551 (the "'551 Patent") to Ronald A. Katz for an invention entitled "Telephonic-Interface Statistical Analysis System." The '551 Patent expired on December 20, 2005.

34. On October 27, 1998, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,828,734 (the "'734 Patent") to Ronald A. Katz for an invention entitled "Telephone Interface Call Processing System With Call Selectivity."

35. On June 29, 1999, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,917,893 (the "'893 Patent") to Ronald A. Katz for an invention entitled "Multiple Format Telephonic Interface Control System." The '893 Patent expired on December 20, 2005.

36. On October 26, 1999, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,974,120 (the "'120 Patent") to Ronald A. Katz for an invention entitled "Telephone Interface Call Processing System With Call Selectivity."

37. On November 14, 2000, the United States Patent and Trademark Office duly and legally issued United States Patent No. 6,148,065 (the "'065 Patent") to Ronald A. Katz for an invention entitled "Telephonic-Interface Statistical Analysis System." The '065 Patent expired on July 10, 2005.

38. On January l, 2002, the United States Patent and Trademark Office duly and legally issued United States Patent No. 6,335,965 (the "'965 Patent") to Ronald A. Katz for an invention entitled "Voice-Data Telephonic Interface Control System." The '965 Patent expired on December 20, 2005.

39. On February 19, 2002, the United States Patent and Trademark Office duly and legally issued United States Patent No. 6,349,134 (the "'134 Patent") to Ronald A. Katz for an invention entitled "Telephonic-Interface Statistical Analysis System." The '134 Patent expired on December 20, 2005.

40. On July 23, 2002, the United States Patent and Trademark Office duly and legally issued United States Patent No. 6,424,703 (the "'703 Patent") to Ronald A. Katz for an invention entitled "Telephonic-Interface Lottery System." The '703 Patent expired on July 10, 2005.

41. On August 13, 2002, the United States Patent and Trademark Office duly and legally issued United States Patent No. 6,434,223 (the "'223 Patent") to Ronald A. Katz for an invention entitled "Telephone Interface Call Processing System With Call Selectivity." The '223 Patent expired on July 10, 2005.

42. On January 13, 2004, the United States Patent and Trademark Office duly and legally issued United States Patent No. 6,678,360 (the "'360 Patent") to

Ronald A. Katz for an invention entitled "Telephonic-Interface Statistical Analysis System." The '360 Patent expired on July 10, 2005.

## FIRST CLAIM

(Patent Infringement By The Progress Energy Defendants)

43. Katz Technology Licensing realleges and incorporates by reference Paragraphs 1-42 of this Complaint as if fully set forth herein.

44. The Progress Energy Defendants provide electric utility services to their customers in North Carolina and other states.

45. On information and belief, the Progress Energy Defendants use infringing call processing systems to offer automated customer service to their customers. Using an automated system, in some instances in connection with operators, the Progress Energy Defendants allow their customers to access account information; check account balances and payment status; make a payment on an account; obtain the date of the next scheduled meter-reading; report an electricity outage or emergency; and perform various other functions.

46. Katz Technology Licensing is the sole holder of the entire right, title, and interest in the '065, '120, '134, '150, '223, '252, '285, '360, '551, '703, '734, '863, '893, '965, '968 and '984 Patents.

47. On information and belief, in their automated customer service operations described in Paragraph 45 (collectively, the "Accused Progress Energy Services"), the Progress Energy Defendants have been and are now infringing, actively inducing the infringement of, or contributing to the infringement of one or more claims of the patents identified in Paragraph 46 of this Complaint by making, using, offering to sell, or selling the Accused Progress Energy Services.

48. On information and belief, the Progress Energy Defendants continue to infringe, actively induce the infringement of, and contribute to the infringement of

- 9 -

one or more claims of the '120, '252, '734 and '984 Patents by making, using, offering to sell, or selling the Accused Progress Energy Services.

49. The Progress Energy Defendants' infringement of the patents identified in Paragraph 46 of this Complaint has been and is willful.

50. The Progress Energy Defendants' infringement has caused and will continue to cause Katz Technology Licensing irreparable harm unless enjoined by this Court. Katz Technology Licensing has no adequate remedy at law.

### SECOND CLAIM

(Patent Infringement by the RBC Centura Defendants)

51. Katz Technology Licensing realleges and incorporates by reference Paragraphs 1-42 of this Complaint as if fully set forth herein.

52. The RBC Centura Defendants provide banking and financial products and services to customers in North Carolina and other states.

53. On information and belief, the RBC Centura Defendants use infringing call processing systems to offer automated banking and other financial services to their customers. Using an automated system, in some instances in connection with operators, the RBC Centura Defendants allows their customers to access information about their accounts, transfer funds between accounts, place stop payments on checks, and perform various other functions.

54. Katz Technology Licensing is the sole holder of the entire right, title, and interest in the '065, '120, '134, '150, '156, '223, '285, '309, '360, '551, '707, '734, '863, '893, '965 and '984 Patents.

55. On information and belief, in their automated customer service operations described in Paragraph 53 (collectively, the "Accused RBC Centura Services"), the RBC Centura Defendants have been and are now infringing, actively inducing the infringement of, or contributing to the infringement of one or more

- 10 -

claims of the patents identified in Paragraph 54 of this Complaint by making, using, offering to sell, or selling the Accused RBC Centura Services.

56. On information and belief, the RBC Centura Defendants continue to infringe, actively induce the infringement of, and contribute to the infringement of one or more claims of the '120, '734 and '984 Patents by making, using, offering to sell, or selling the Accused RBC Centura Services.

57. The RBC Centura Defendants' infringement of the patents identified in Paragraph 54 of this Complaint has been and is willful.

58. The RBC Centura Defendants' infringement has caused and will continue to cause Katz Technology Licensing irreparable harm unless enjoined by this Court. Katz Technology Licensing has no adequate remedy at law.

PRAYER FOR RELIEF

WHEREFORE, Ronald A. Katz Technology Licensing, L.P., respectfully requests that this Court enter judgment in its favor and against the defendants and grant the following relief:

59. Adjudge that the Progress Energy Defendants have been and are infringing one or more claims of the patents identified in Paragraph 46 of this Complaint by offering the Accused Progress Energy Services;

60. Adjudge that the Progress Energy Defendants' infringement has been and is willful;

61. Enter an order, pursuant to 35 U.S.C. § 283, temporarily, preliminarily, and permanently enjoining the Progress Energy Defendants, and all persons in active concert or participation with them, from any further acts of infringement, contributory infringement, or inducement of infringement of the '120, '252, '734 and '984 Patents;

62. Order an accounting for damages resulting from the Progress Energy Defendants' infringement of the patents identified in Paragraph 46 of this Complaint;

63. Enter an order, pursuant to 35 U.S.C. § 284, awarding to Katz Technology Licensing damages adequate to compensate Katz Technology Licensing for the Progress Energy Defendants' infringement, but in no event less than a reasonable royalty, together with pre-judgment and post-judgment interest;

64. Enter an order, pursuant to 35 U.S.C. § 284, and based on the Progress Energy Defendants' willful infringement, trebling all damages awarded to Katz Technology Licensing and against the Progress Energy Defendants;

65. Adjudge that the RBC Centura Defendants have been and are infringing one or more claims of the patents identified in Paragraph 54 of this Complaint by offering the Accused RBC Centura Services;

66. Adjudge that the RBC Centura Defendants' infringement has been and is willful;

67. Enter an order, pursuant to 35 U.S.C. § 283, temporarily, preliminarily, and permanently enjoining the RBC Centura Defendants, and all persons in active concert or participation with them, from any further acts of infringement, contributory infringement, or inducement of infringement of the '120, '734 and '984 Patents;

68. Order an accounting for damages resulting from the RBC Centura Defendants' infringement of the patents identified in Paragraph 54 of this Complaint;

69. Enter an order, pursuant to 35 U.S.C. § 284, awarding to Katz Technology Licensing damages adequate to compensate Katz Technology Licensing for the RBC Centura Defendants' infringement, but in no event less than a reasonable royalty, together with pre-judgment and post-judgment interest;

70. Enter an order, pursuant to 35 U.S.C. § 284, and based on the RBC Centura Defendants' willful infringement, trebling all damages awarded to Katz Technology Licensing and against the RBC Centura Defendants;

71.     Enter an order, pursuant to 35 U.S.C. § 285, finding that this is an exceptional case and awarding to Katz Technology Licensing its reasonable attorneys' fees incurred in this action; and

72.     Award such other relief as the Court may deem appropriate and just under the circumstances.

<u>DEMAND FOR JURY TRIAL</u>

Pursuant to Fed. R. Civ. R. 38(b), Plaintiff hereby demands a trial by jury of all issues so triable.

This 17th day of July, 2007.

                    s/ Matthew W. Sawchak
                    Matthew W. Sawchak
                    N.C. State Bar No. 17059
                    ELLIS & WINTERS LLP
                    P.O. Box 33550
                    Raleigh, NC  27636
                    Telephone:  (919) 865-7000
                    matt.sawchak@elliswinters.com

                    Robert T. Haslam
                    Andrew C. Byrnes
                    HELLER EHRMAN LLP
                    275 Middlefield Road
                    Menlo Park, CA  94025-3506
                    Telephone:   (650) 324-7000
                    Facsimile:    (650) 324-0638

                    Michael K. Plimack
                    Dale A. Rice
                    HELLER EHRMAN LLP
                    333 Bush Street
                    San Francisco, CA  94104-2878
                    Telephone:   (415) 772-6000
                    Facsimile:    (415) 772-6268

                    Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of July, 2007, a copy of the Amended Complaint for Patent Infringement was served via first class mail and was transmitted electronically to:

    Thomas M. Dunham, Esq.
    Howrey LLP
    1299 Pennsylvania Ave., NW
    Washington, DC 20004

    Heather Adams, Esq.
    Smith, Anderson, Blount, Dorsett, Mitchell & Jernigan, L.L.P.
    2500 Wachovia Capitol Center
    Raleigh, North Carolina 27601

    Mark Varboncouer, Esq.
    Kirkland & Ellis LLP
    200 E. Randolph Dr.
    Chicago, IL 60601

    David Dreifus, Esq.
    Poyner & Spruill
    3600 Glenwood Ave.
    Raleigh, NC 27605

                                  s/ Matthew W. Sawchak
                                  Matthew W. Sawchak